IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

*Southern Division*

2018 JAN 30 A 10: 10

| | | |
|---|---|---|
| **GREGORY DONZELL BAILEY, # 370379** | * | |
| Petitioner, | * | |
| v | * | Case No. GJH-17-2475 |
| **RICKY FOXWELL**, *et al.* | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Petitioner Gregory Donzell Bailey, who is incarcerated at the Eastern Correctional Institution in Westover, Maryland, filed the pending 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus on August 18, 2017. ECF No. 1. The Petition indicates that Petitioner was convicted in the Circuit Court for Worcester County on June 2, 2011, filed no appeal, and submitted his post-conviction petition on January 15, 2014. ECF No. 1 at 2–4.[1] Petitioner raises claims of trial court error, ineffective assistance of trial and post-conviction counsel, and actual innocence. *Id.* at 6–19. Respondents' unopposed limited answer to the petition[2] remains pending. ECF No. 3. After review, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a

---
[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] Bailey was granted an additional twenty-eight days to file a reply to Respondents' limited answer. ECF No. 2. No reply has been submitted.

hearing under 28 U.S.C. § 2254(e)(2)). For the foregoing reasons, the Petition shall be dismissed as time-barred.

I. **BACKGROUND**[3]

On June 2, 2011, Petitioner entered an *Alford*[4] plea to a charge of sexual abuse of a minor in a continuing course of conduct and two counts of incest. On August 5, 2011, he was sentenced to a 20-year term. He did not seek leave to appeal this conviction. ECF No. 3-1. Therefore, his conviction became final for direct appeal purposes on September 6, 2011. *See* Md. Code. Ann., Cts. & Jud. Proc. § 12-302(e)(2) (review of a judgment following a guilty plea "shall be sought by application for leave to appeal"); Md. Rule 8-204 (application for leave to appeal must "be filed within 30 days after entry of the judgment or order from which the appeal is sought").

On January 15, 2014, Petitioner filed a petition for post-conviction relief in the Circuit Court for Worcester County. ECF No. 3-1. On May 23, 2014, the post-conviction judge granted Petitioner the right to file a belated motion for reconsideration of sentence, but otherwise denied post-conviction relief. *Id.* The Court of Special Appeals denied Petitioner's application for leave to appeal on December 15, 2014. The intermediate appellate court's mandate was issued on January 14, 2015. ECF No. 3-2.

On September 3, 2015, Petitioner filed a motion to re-open his post-conviction proceedings, which was denied by the Circuit Court. The Court of Special Appeals of Maryland vacated that ruling and remanded the case for additional proceedings. On remand, the motion to re-open was again denied. On March 13, 2017, Petitioner's application for leave to appeal was

---

[3] The facts relied on herein are either undisputed or viewed in the light most favorable to the non-movant.
[4] *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970) (reasoning that there is no constitutional obstacle to acceptance of the guilty plea of a defendant who, despite his or her voluntary and knowing consent to the imposition of criminal sanctions, continues to profess innocence, so long as the prosecution's evidence demonstrates a strong factual basis for the plea).

denied by the Court of Special Appeals. The mandate was issued on April 14, 2017. ECF No. 3-1.

## II. STANDARD OF REVIEW

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011). Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.§ 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

## III. DISCUSSION

### A. Timeliness of Petitioner's § 2254 Petition

Petitioner's convictions became final for purposes of direct appeal on September 6, 2011. The one-year statute of limitation period ran uninterrupted from September 7, 2011, to January 14, 2014, approximately twenty-eight months, during which there were no petitions for collateral review pending. This petition was plainly filed outside the statutory one-year limitations period.

### B. Equitable Tolling

It is true that under certain circumstances the AEDPA's statute of limitations may be subject to equitable tolling. *See e.g., Holland v. Florida*, 560 U.S. 631, 645 (2010). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687–88 (4th Cir. 2000). The Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Additionally, the movant must show that he employed reasonable diligence in investigating and bringing his claims. Further, to be entitled to equitable tolling a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005)).

In his Petition, Petitioner argues that he filed his Petition beyond the one-year filing limitation because he was never informed of the requirements of Maryland Rule 4-246(b), which he characterizes as requiring "the court to make a finding on the record . . . that the Defendant has . . . waived his constitutional right to a jury trial"; Petitioner contends that his plea hearing court did not comply with this rule, but that he was not aware of its requirements. ECF No. 1 at

4

6. He further claims the he "had no knowledge of any time limits for appeals or the grounds to which he could challenge his conviction" and discovered the violation of his constitutional rights only through "due diligence" and the assistance of other inmates. ECF No. 1 at 22. Petitioner's excuses do not warrant the equitable tolling of the one-year limitation period under the law. Legal inexperience is not a justification for equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); *Cross–Bey v. Gammon,* 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted); *Felder v. Johnson,* 204 F.3d 168, 171-73 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling). In this case Petitioner has neither asserted, nor do the pleadings suggest, any circumstances that justify equitable tolling. Accordingly, the Petition will be denied and dismissed with prejudice by separate Order.

### C. Excuse of Late Filing for "Actual Innocence"

The Supreme Court held in *McQuiggin v. Perkins* that a petitioner who demonstrates "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial" may proceed with a habeas petition that otherwise would have been statutorily time-barred. 133 S. Ct. 1924, 1936 (2013). *See also United States v. Jones,* 758 F.3d 579, 581 (4th Cir. 2014). The Supreme Court "caution[ed], however, that tenable actual-innocence gateway claims are rare: 'A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin,* 133 S. Ct. at 1928 (brackets omitted) (quoting *Schlup v. Delo,* 513 U.S. 298 (1995)).

While Petitioner alleges that he has a claim of actual innocence, he does not present any new evidence of his innocence "so strong that a court cannot have confidence in the outcome of the trial." Thus, his untimely filing is not excused by his claim of actual innocence.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not "deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting *Slack*, 529 U.S. at 484).

Petitioner's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing under *Slack*. The Court therefore declines to issue a certificate of appealability. Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## V. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is denied and this action is dismissed. A separate Order follows.

Dated: January 29, 2018

GEORGE J. HAZEL
United States District Judge